UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIAN DAVIS,

                Plaintiff,

vs.                                Case No. 2:10-cv-108-FtM-29SPC

SGT. ELLSWORTH, Classifications
Deputy Sheriff; COMMANDER McGOWAN,
Commanding Deputy of Jail Facility
#KM1166,

                Defendant.
_____

## **ORDER OF DISMISSAL**

### I.

This matter comes before the Court upon review of the file. Adrian Davis, a *pro se* plaintiff, initiated this action by filing a Civil Rights Complaint (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 on February 18, 2010. Plaintiff seeks leave to proceed *in forma pauperis* (Doc. #2) in this action.

### II.

The Complaint concerns incidents that allegedly occurred during Plaintiff's incarceration in the Collier County Jail. See Complaint.[1] In pertinent part, although not the model of

---

[1] The Court applies section 1915(e)(2)(b)(ii) instead of section 1915A because it appears that Plaintiff filed this action during a time that he was not in jail. The Complaint does not list the Collier County Jail as his place of current incarceration. See generally Complaint. Additionally, on the Affidavit of Indigence, Plaintiff wrote "not" next to the question that asks "date(s) of incarceration." Doc. #2 at 4. Otherwise this action would have been subject to dismissal under section 1915(g).

clarity, Plaintiff claims his rights were violated based on his placement in protective custody housing. See generally Complaint. Plaintiff also alleges that Defendant Ellsworth, a supervising classifications officer, ignored Plaintiff's grievances about his housing assignment. Id. at 13. As relief, Plaintiff seeks remedies that appear to be related to the criminal charge on which he was held in the jail, coupled with monetary damages for his placement in protective custody. Id. at 15. Specifically, Plaintiff states:

> (1) Tuition for any loss compensary [sic] for time unaccounted on (nolle prossess) of the origin of implicated charges for the entire amount of time served under the original charge; (2) request for adjudicative withhold for any add [sic] charges while serving time under the charge considered (nolle prossess) tuitions [sic] for over excessive abuse for the years 2007 thru [sic] 2010 for placement of unnecessary pc status.

Id.

### III.

The Court is required to review the Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte,* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not

automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

**IV.**

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). The first element is a prerequisite because section 1983 creates no substantive rights, but provides a remedy for deprivations of federal statutory and constitutional rights. Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)(remaining citations omitted). In addition, Plaintiff

must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

Here, Plaintiff names Sergeant Ellsworth and Commander McGowan as Defendants. Complaint at 10. The Complaint contains no allegations whatsoever regarding Defendant McGowan's involvement in the alleged violations. See id. Because there is no alleged causal connection in the Complaint between Defendant McGowan and the alleged wrongdoing, the Complaint fails to state a claim as to McGowan. The Court *sua sponte* dismisses the Complaint as to Defendant McGowan.

Plaintiff attributes liability on Defendant Ellsworth, who Plaintiff identifies as the Supervisor of Classifications, for his failure to respond to Plaintiff's grievances and move him from his housing assignment. Id. at 8-9. Although Plaintiff is not satisfied with the outcome of the inmate grievances he submitted at the jail, which Ellsworth allegedly reviewed, Plaintiff does not have a constitutional right to an inmate grievance procedure. See

Baker v. Rexroad, 159 Fed. Appx. 61 (11th Cir. 2005)(finding that inmates neither have a liberty interest in an investigation based upon their inmate grievance, nor a liberty interest in the inmate grievance system).  Further, the Court cannot find any authority supporting Plaintiff's claim that he has a constitutional right to a particular housing assignment.  To the contrary, the courts have consistently held that a prisoner's classification level based on the institution's custodial classification system does not create a liberty interest.  In Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), a prisoner complained that an outstanding warrant adversely affected his classification once confined.  The Supreme Court "rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right."  Similarly, in Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003), the Fifth Circuit, citing a litany of cases, noted that "an inmate has no protectable liberty interest in his classification."  In Brooks v. Wainwright, 439 F.Supp. 1335, 1339 (M.D. Fla. 1977), the Court found that the Due Process Clause is not implicated "when the location or kind of an inmate's confinement is changed by transfer or classification." (remaining citations omitted).

To the extent Plaintiff attempts to state an equal protection claim, he must allege: (1) that he has been treated differently than "similarly situated" inmates, and (2) that the discrimination is based upon a constitutionally impermissible basis, such as,

race, religion, national origin, or some other protected right. Sweet v. Sec'y Dep't of Corr., 467 F.3d 1311, 1319 (11th Cir. 2006); Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir. 2001). The Complaint contains no such allegations, and, therefore, fails to state a claim.

To the extent the Court liberally construes the *pro se* Complaint to allege a violation of Plaintiff's substantive due process rights stemming from his housing assignment, specifically his placement in protective custody housing, "in the prison context, state action will not violate due process unless it imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Shaarbay v. Palm Beach County Jail, 350 Fed. Appx. 359, 361 (11th Cir. 2009). The Complaint does not contain any such allegations. Moreover, according to an inmate grievance Plaintiff filed with his Complaint dated December 27, 2009, Ellsworth told Plaintiff that his "presence in general population pose[d] a serious threat to life, property, self, other inmates, staff members [sic] or the security and integrity of the facility." Complaint at 2. Ellsworth's response to the grievance continues by noting that Plaintiff's phone privileges were not impacted by his housing assignment. Id. A subsequent grievance dated December 30, 2009, explained to Plaintiff that his housing assignment was based on "numerous incidents of [Plaintiff's] throwing urine on others or others throwing it on [him]." Id. at 3. The courts defer to the penal

institution on matters concerning the orderly running of the institution. Bell v. Wolfish, 441 U.S. 520, 547-548 (1979). Based on the foregoing, the Court finds the Complaint fails to state a substantive due process claim.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Complaint is **dismissed**, without prejudice, pursuant to § 1915(e)(2)(b)(ii).

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) is **DENIED.**

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   24th   day of June, 2010.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record